UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                         :

| | |
|---|---|
| NATIONAL CONVENTION SERVICES, LLC, and EXSERVE, INC., | Civil Action No.: |
| Plaintiffs, | **NOTICE OF REMOVAL OF A CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 & 1441** |
| v. | |
| APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC.; APPLIED UNDERWRITERS, INC.; CALIFORNIA INSURANCE COMPANY; ARS INSURANCE AGENCY; APPLIED RISK SERVICES, INC.; CONTINENTAL INDEMNITY COMPANY; and J.A. FACCIBENE & ASSOCIATES, INC., | Removed from: Supreme Court of the State of New York, New York County |
| Defendants. | Index No.: 652735/15E |

------------------------------------------------------------------ X

**TO:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (a), Defendants, APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., APPLIED UNDERWRITERS, INC., CALIFORNIA INSURANCE COMPANY, ARS INSURANCE AGENCY, APPLIED RISK SERVICES, INC., and CONTINENTAL INDEMNITY COMPANY (collectively, the "Removing Defendants"), by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, on this date have filed this Notice of Removal of a Civil Action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446 (a), copies of which are attached hereto and made part hereof, respectfully show:

## BACKGROUND

1.      This action was commenced on or about August 5, 2015, by Plaintiffs, National Convention Services, LLC and Exserve, Inc. (hereinafter "NCS" and "Exserve", respectively, and collectively, the "Plaintiffs"), in the Supreme Court of the State of new York, County of New York, by the filing of a Summons and Verified Complaint, Index No. 652735/15E (the "State Court Action"), against Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRAC"), Applied Underwriters, Inc. ("AU Inc."), California Insurance Company ("CIC"), ARS Insurance Agency ("ARS Agency"), Applied Risk Services, Inc. ("ARS Inc."), Continental Indemnity Company ("CNI"), and J.A. Faccibene & Associates, Inc. ("JA Faccibene"). A true and exact copy of the Verified Complaint, filed on or about August 5, 2015 (the "Complaint"), is attached hereto as **Exhibit A.**

2.      As explained more fully below, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) because, excluding the fraudulently and/or improperly joined defendant JA Faccibene, this is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

3.      Accordingly, this action is one which may be removed under 28 U.S.C. § 1441 (b) in that, excluding the fraudulently and/or improperly joined defendant JA Faccibene, it is a civil action between citizens of different States with an amount in controversy exceeding $75,000.00, exclusive of costs and interest, the removal is timely, and all other properly joined and served defendants herein have consented to the removal of this action.

## DIVERSITY OF CITIZENSHIP

4.      Plaintiffs NCS and Exserve allege in their Verified Complaint that they are both incorporated in the State of New York and maintain principal places of business located in New York City, New York. (**Ex. A at ¶¶1-3**).

5.     Defendant, AUCRAC, was at all relevant times incorporated in the British Virgin Islands, with its principal place of business in Omaha, Nebraska.

6.     Defendant, AU Inc., is incorporated in the State of Nebraska and maintains its principal place of business in Omaha, Nebraska.

7.     Defendant, CIC, is incorporated in the State of California and maintains its principal place of business in California.

8.     Defendant, ARS Agency, is incorporated in the State of Nebraska, with principal places of business in Omaha, Nebraska.

9.     Defendant, ARS Inc., is incorporated in the State of Nebraska, with principal places of business in Omaha, Nebraska.

10.    Defendant, CNI, is incorporated in the State of Iowa and maintains its principal place of business in Omaha, Nebraska.

11.    Upon information and belief, the fraudulently and/or improperly joined Defendant, JA Faccibene, is a New York State corporation with its principal place of business located in Rockville Center, New York. Although Faccibene is a citizen of forum-state, it has been improperly joined in this case in an effort to defeat diversity of citizenship.

12.    As more fully explained below, Plaintiffs cannot and have not asserted a colorable claim against JA Faccibene, the only defendant that Plaintiffs allege is a citizen of the same State as Plaintiffs, and based on the doctrine of fraudulent joinder, the non-diverse Defendant JA Faccibene should be disregarded for the purpose of determining federal diversity jurisdiction.

13.    Accordingly, removal of this case on the basis of diversity of citizenship is not precluded by 28 U.S.C. § 1441 (b) because the properly joined and served Defendants are not citizens of the district in which the action was brought.

5670539v.4

14.     Complete diversity of citizenship therefore exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332 (a).

## FRAUDULENT JOINDER OF DEFENDANT JA FACCIBENE

15.     The only defendant that is a citizen of the same State as the Plaintiffs, JA Faccibene, was fraudulently and/or improperly joined by Plaintiffs in an attempt to defeat complete diversity and prevent removal of this case.

16.     The purpose of the fraudulent joinder doctrine is to thwart plaintiffs from improperly joining non-diverse parties in an effort to defeat federal jurisdiction. Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004). A defendant's right of removal pursuant to 28 U.S.C. § 1332 ". . . cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Steel Co., 257 U.S. 92, 96 (1921); Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998)

17.     In order to remove an action to federal court under the doctrine of fraudulent joinder, a defendant must demonstrate, by clear and convincing evidence, either that (a) there has been outright fraud committed in the plaintiff's pleadings, or (b) that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court. Briarpatch Ltd., L.P., 373 F.3d at 302; Whitaker v. American Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001); Pampillonia, 138 F.3d at 461.

18.     In deciding whether there was a fraudulent joinder of a party, courts look to whether the pleadings state a legitimate claim against the non-diverse or in-state defendant. In re Rezulin Products Liability Litigation, 133 F.Supp.2d 272, 272 (S.D.N.Y. 2001). "Joinder will be considered fraudulent when it is established that there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist

- 4 -

5670539v.4

when the petition to remand is heard." Allied Programs Corp v. Puritan Insurance Company, 592 F.Supp. 1274, 1276 (S.D.N.Y. 1984) (citations omitted/brackets in original). Accordingly, a finding of fraudulent joinder is warranted if the complaint does not state a cause of action against the non-diverse defendant or seek any relief against said defendant under state law. Briarpatch Ltd., L.P., 373 F.3d at 302; Whitaker, 261 F.3d at 207. It is also well established, however, that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint. See, e.g., United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994); Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382, 384 (2d Cir.1961).

19.     In the instant case, the non-diverse Defendant, JA Faccibene, was fraudulently joined because, based on the pleadings, Plaintiffs are unable to bring a cause of action against it under New York law. Pampillonia, 138 F.3d at 461.

## NO LEGITIMATE CLAIM AGAINST DEFENDANT J.A. FACCIBENE

20.     Plaintiffs fail to properly state a cause of action against the alleged resident, non-diverse Defendant JA Faccibene, according to the settled rules of New York State, because they have not and cannot make specific factual allegations against JA Faccibene that would support their claim for breach of fiduciary duty. Pampillonia, 138 F.3d at 461; see also Lockhead Martin Corp. v. Atlas Commerce, Inc., 725 N.Y.S.2d 722, 726 (3d Dep't 2001) (claims not supported by factual information are "purely speculative"); Megna v. Becton Dickson & Co., 626 N.Y.S.2d 546 (2d Dep't 1995) (finding plaintiff's complaint failed to adequately state a cause of action, "inasmuch as it was devoid of specific factual allegations and did not indicate the material elements of a claim and how they would apply to the case") (citations omitted). In addition, JA

- 5 -

Faccibene is not a necessary party to this action, which can be adequately and properly resolved in its absence.

21.     The fraudulent joinder of Defendant JA Faccibene is further evidenced by the fact that Plaintiffs included the following footnote in their Complaint: "Please note that plaintiffs herein assert only one cause of action against defendant J.A. Faccibene & Associates, Inc., and that being the Eighteenth Cause of Action, Breach of Fiduciary Duty. All other causes of action outside of the Breach of Fiduciary Duty are hereby waived and withdrawn as against J.A. Faccibene & Associates, Inc. only." (**Ex. A at ¶97 n\*1; and "Count Eighteenth" ¶348 n\*6** (stating same, but adding "[b]eyond defendant [JA Faccibene], the Eighteenth Cause of Action for Breach of Fiduciary Duty is <u>also</u> being asserted against all other defendants listed herein.") (emphasis in original)).

22.     In order to state a claim for a breach of fiduciary duty under New York law, plaintiffs must show (a) a fiduciary duty existed between the parties, (b) defendant breached that duty, and (c) plaintiffs were damaged as a result of the breach.  <u>Alfaro v. Wal-Mart Stores, Inc.,</u> 210 F.3d 111, 114 (2d Cir. 2000); <u>Ellington Credit Fund, Ltd. V. Select Portfolio Servicing, Inc.,</u> 837 F.Supp.2d 162, 191 (S.D.N.Y. 2011).

23.     Under New York law, insurance brokers are considered agents of their clients and a fiduciary duty generally lies at the core of every principal-agent relationship. N.Y. Ins. Law §2101 (c).  Plaintiffs allege that JA Faccibene was an insurance broker and/or agent who sold goods and services to them, including the policies of insurance and insurance services sold by the Removing Defendants. (**Ex. A at ¶99**). Thus, JA Faccibene owed a fiduciary duty to Plaintiffs created by the normal relationship between a broker and insured. <u>Evvtex Co. v. Hartley Cooper</u> <u>Assocs., Ltd.,</u> 911 F. Supp. 732, 738 (S.D.N.Y. 1996) ("[t]he courts in New York long have held

that insurance brokers act as agents on behalf of an insured and not the insurer," and explaining that the "status of an insurance broker as an agent of the insured has been codified") (citing Bohlinger v. Zanger, 117 N.E.2d 338 (N.Y. 1954)).

24.     Under New York law, a broker is not in a special relationship with an insured and generally owes the insured no more than the common-law duty to procure the insurance coverage that the insured requests. Globalnet Financial.com, Inc. v Frank Crystal & Co., 449 F3d 377, 383 (2d Cir 2006) (citing Murphy v. Kuhn, 90 N.Y.2d 266, 269-70 (1997)). In Murphy, the court held that "[i]nsurance agents or brokers are not personal financial counselors and risk managers, approaching guarantor status. Insureds are in a better position to know their personal assets and abilities to protect themselves more so than general insurance agents or brokers, unless the latter are informed and asked to advise and act." Id. at 273 (citations omitted) (concluding there was no special relationship between broker and insured obligating broker to advise as to sufficiency of insured's limit of liability, despite fact that parties had worked together for twenty years). See also Chase Scientific Research, Inc. v. NIA Group, Inc., 96 N.Y.2d 20, 30 (2001) (reaffirming Murphy, holding insurance brokers have a common-law duty to obtain requested coverage but "not a continuing duty to advise, guide or direct a client based on a special relationship of trust and confidence").

25.     In support of a breach of fiduciary claim, the Complaint offers only the conclusory assertions that the "defendants," collectively, solicited and sold Plaintiffs the Reinsurance Participation Agreement (the "RPA") program without fully informing them of the ramifications of such program and insurance coverage/polices, and that Plaintiffs relied upon the "defendants" expertise and specialized knowledge as a basis for entering into the RPA program to their alleged detriment. (See **Ex. A at ¶¶350-55**). Although Plaintiffs do allege their

- 7 -

relationship with "defendants" as insurance brokers and/or agents dates back numerous years (**Ex. A at ¶349**), no where in the Complaint do they state any other basis for their purported reliance on the defendants' knowledge and expertise that would amount to a special relationship extending beyond the duty to procure the requested insurance coverage. See <u>Murphy</u>, 90 N.Y.2d at 272 (stating that the issue of whether such additional responsibilities should be recognized and given legal effect is governed by the particular relationship between the parties and is best determined on a case-by-case basis). Plaintiffs do not claim that they requested any particular type of insurance coverage, or that JA Faccibene possessed any specialized knowledge about the RPA program beyond what was advertised and/or stated in the subject agreements and policies. Based on the pleadings, therefore, no special relationship existed between the parties beyond the ordinary fiduciary duty of an insurance broker and/or to the insured, which duty JA Faccibene fulfilled when it procured insurance coverage for Plaintiffs under the policies and agreements at issue in this case.

26.     Even assuming the existence of a special fiduciary duty owed by JA Faccibene to Plaintiffs, the Complaint fails to allege with any of the requisite specificity how that duty was breached and/or how the alleged breach was a proximate cause of Plaintiffs' injuries. See <u>Negrin</u> <u>v. Alza Corp.</u>, 1999 U.S. Dist. LEXIS 3006, at *15-16 (S.D.N.Y. Mar. 12, 1999) (holding that the non-diverse pharmacist was fraudulently joined where there were little or no factual allegations regarding specific actions taken by said defendant and the remainder of the complaint alleged in conclusory fashion that "defendants" collectively engaged in the wrongful conduct supporting plaintiff's liability theories). Consistent with this fraudulent joinder, and instead of presenting independent arguments in support of their claim against JA Faccibene, Plaintiffs refer to the "defendants" *en masse*, not only in "Count Eighteenth," but also throughout the entire

Complaint. (See e.g., **Ex. A at ¶¶348-56** (incorporating the allegations contained in paragraphs "1" through "347")). Where a plaintiff lumps together the allegations against various parties and attributes actions to the defendants generally, the liability of any in-forum defendants cannot defeat removal. In re Rezulin Prods. Liab. Litig, 136 F.Supp.2d 272, 291 (S.D.N.Y. 2001). Accordingly, Plaintiffs have failed to sufficiently identify any particular conduct, or false or materially misleading statement or omission related to their enrolment in the RPA program that is attributable to JA Faccibene in support of the claim for breach of fiduciary duty. See DeBlasio v. Merrill Lynch & Co., 2009 U.S. Dist. LEXIS 64848, at *88 (S.D.N.Y. July 27, 2009) (finding plaintiffs did not allege facts or circumstances that, if proven would establish that the defendants breached their fiduciary duty).

27. Because Plaintiffs do not allege that any specific conduct or action by JA Faccibene caused their injuries and damages, and also waive and withdraw any of the valid and available claims they could potentially bring against JA Faccibene, the citizenship of such non-diverse Defendant cannot be used to defeat removal under 28 U.S.C. § 1441 (b) as it is not a "party in interest" and thus joined by fraud. See Conrad Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 185 (1907) (stating that a plaintiff commits fraudulent joinder when "one willfully closes his eyes to information within his reach" which would determine proper defendant); see also Pampillonia, 128 F.3d at 462 n.5 (noting vague and conclusory allegations in complaint do not establish basis for claim against fraudulently joined defendant).

28. In addition, Plaintiffs are only seeking relief from Defendant JA Faccibene in the form of indemnity and contribution in the event that a judgment is returned against them and in favor of the Removing Defendants. (**Ex. A at ¶356**). Under Federal Rule 19, a party is necessary if "in that person's absence, the court cannot accord complete relief among the existing parties."

Fed. R. Civ. P. 19 (a) (1) (A). <u>See</u> <u>MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.</u>, 471 F.3d 377, 384 (2d Cir. 2006); <u>see also</u> <u>CMS Volkswagen Holdings, LLC v. Volkswagen Grp. of Am., Inc.</u>, No. 13-cv-03929 (NSR), 2013 U.S. Dist. LEXIS 175271, 2013 WL 6409487, at *6 (S.D.N.Y. Dec. 6, 2013) ("[i]n applying <u>Pampillonia's</u> standard, the question of whether Plaintiffs could state an action against [the non-diverse defendant] depends on whether [the defendant] was a necessary party under state law"). Here, it is possible for the Plaintiffs to be awarded the compete relief sought without regard to the non-diverse Defendant and, therefore, JA Faccibene is not a necessary party to this action.

29.    Thus, it seems clear that Plaintiffs have joined Defendant JA Faccibene in this action merely for purposes of defeating diversity jurisdiction and with no intention of actually stating a colorable cause of action against the non-diverse Defendant. As such, Defendant JA Faccibene's citizenship is irrelevant and should not prevent removal of this action to this Court. <u>See</u> <u>Pampillonia</u>, 138 F.3d at 461 n.3 (citations omitted).

## AMOUNT IN CONTROVERSY

30.    On or about October 10, 2012, Plaintiffs entered into the Reinsurance Participation Agreement (the "RPA") with Defendant AUCRAC, for the period October 10, 2012 to October 10, 2015. A true and exact copy of the RPA, dated October 10, 2012, is attached hereto under **Exhibit A** as **Pls.' Compl. Ex. A, ECF No. 3.**

31.    In the first year of the RPA, Plaintiffs entered into a Workers' Compensation insurance policy with Defendant CNI covering certain states in which Plaintiffs operated for the period October 10, 2012 to October 10, 2013. (<u>See</u> **Ex. A at ¶¶129-30**). A true and exact copy of the declaration pages for the CNI Policy 2012-13, dated October 10, 2012, is attached hereto under **Exhibit A** as **Pls.' Compl. Ex B, ECF No. 4.**

5670539v.4

32.     In the first year of the RPA, Plaintiffs also entered into a Workers' Compensation insurance policy with Defendant CIC covering certain states in which Plaintiffs operated for the period October 10, 2012 to October 10, 2013. (See **Ex. A at ¶¶131-32**). A true and exact copy of the declaration page for the CIC Policy 2012-13 is attached hereto under **Exhibit A** as **Pls.' Compl. Ex. C, ECF No. 5.**

33.     In the second year of the RPA, Plaintiffs entered into a Workers' Compensation insurance policy with Defendant CNI covering certain states in which Plaintiffs operated for the period October 10, 2013 to October 10, 2014. (See **Ex. A at ¶¶140-41**). A true and exact copy of the declaration pages for the CNI Policy 2013-14, dated October 10, 2013, is attached hereto under **Exhibit A** as **Pls.' Compl. Ex. D, ECF No. 6.**

34.     In the second year of the RPA, Plaintiffs also entered into a second Workers' Compensation insurance policy with Defendant CIC covering certain states in which Plaintiffs operated for the period October 10, 2013 to October 10, 2014. (See **Ex. A at ¶¶142-43**). A true and exact copy of the declaration page for the CIC Policy 2013-14 is attached hereto under **Exhibit A** as **Pls.' Compl. Ex. E, ECF No. 7.**

35.     In the third year of the RPA, Plaintiffs entered into a Workers' Compensation insurance policy with Defendant CNI covering certain states in which Plaintiffs operated for the period October 10, 2014 to October 10, 2015 (See **Ex. A at ¶¶152-53**). A true and exact copy of the declaration pages for the CNI Policy 2014-15, dated October 10, 2014, is attached hereto under **Exhibit A** as **Pls.' Compl. Ex. F, ECF No. 8.**

36.     In the third year of the RPA, Plaintiffs also entered into a Workers' Compensation insurance policy with Defendant CIC covering certain states in which Plaintiffs operated for the period October 10, 2014 to October 10, 2015 (See **Ex. A at ¶¶154-55**). A true and exact copy of

the declaration page for the CIC Policy 2014-15 is attached hereto under **Exhibit A as Pls.'**
**Compl. Ex. G, ECF No. 9.**

37.     Plaintiffs' Complaint asserts a total of eighteen causes of action against the
Defendants including, but not limited to, violation of New York State insurance laws, fraudulent
inducement, fraudulent concealment, fraudulent misrepresentation, breach of contract, breach of
the covenant of good faith and fair dealing, unjust enrichment, negligence, unfair business
practices and violations of NY Bus. Law § 349, promissory fraud, and breach of fiduciary duty.
The Complaint seeks recovery in the form of declaratory judgment relief, compensatory damages
for alleged overcharges under the RPA program, and for the court to vacate any amounts due to
the Removing Defendants and refund of any monies Plaintiffs previously paid into the
'segregated cell, as well as punitive damages, among others. (See **Ex. A at ¶¶a-t**).

38.     Plaintiffs allege that they were "overcharged some $1,967,861.00, in addition to
demand for payments by the defendants for an additional $2,560,790.85, plus penalties and
interest. (See **Ex. A at ¶¶243, 264**). Under Second Circuit precedent, "[a] party invoking the
jurisdiction of the federal court has the burden of proving that it appears to be a 'reasonable
probability' that the claim is in excess of the statutory amount." United Food & Commercial
Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d
298, 304-05 (2d Cir. 1994). The jurisdictional determination is to be made on the basis of the
plaintiffs' allegations, not on the merits of plaintiffs' claims. Zacharia v. Harbor Island Spa, Inc.,
684 F.2d 199, 202 (2d Cir. 1982). Thus, based on the Plaintiffs claims as stated in their
Complaint, the amount in controversy plainly meets the jurisdictional minimum for this Court.

39.     For these reasons, the Removing Defendants respectfully submit that the amount in controversy exceeds $75,000.00.00, exclusive of costs and interest, for purposes of diversity jurisdiction under 28 U.S.C. § 1332 (a).

### TIMELINESS

40.     On August 10, 2015 the Removing Defendants were first served with the Summons and Verified Complaint. A true and exact copy of the Case Assignment Letter, dated August 12, 2015, referencing service of the Summons and Verified Complaint received on August 10, 2015, is attached hereto as **Exhibit B**.

41.     In compliance with 28 U.S.C. § 1446 (b), this Notice of Removal is timely because it has been filed the Removing Defendants within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based and within thirty (30) days after service of the Verified Complaint on them.

### VENUE

42.     Plaintiffs allege that their purported cause of action arose in the State of New York. (See **Ex. A**). 28 U.S.C. § 1441 (a) states, in pertinent part, " . . . any civil action . . . may be removed. . . to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, venue is proper in this vicinage pursuant to Section 1441 (A) because the United States District Court for the Southern District of New York is the federal judicial district embracing the New York State Supreme Court, County of New York, where the State Court Action was originally filed and pending.

### PROCESS

- 13 -

43.     All properly joined and served Defendants have consented to this Notice of Removal. Defendants who have been fraudulently and/or improperly joined need not consent to removal. <u>See</u> <u>Sherman v. A.J. Pengo Const. Corp.</u>, 528 F.Supp.2d 230, 330 (S.D.N.Y. 2007) (citing <u>Valera v. Flintlock Const. Inc.</u>, 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001)).

44.     This Notice of Removal is being filed without prejudice to Defendants' objections and defenses to Plaintiffs' purported claims, in that this matter should be arbitrated pursuant to the arbitration clauses in the RPA, (**Ex. A, Pls'. Compl. Ex. A at 3-4, ¶13[a-b], ECF No. 3**), as well as the insurance binder agreement to the policy (<u>see</u> **Ex. A at ¶222**), in which the arbitration clause was even initialed by the signatory on behalf of Plaintiffs (<u>see</u> **Ex. A, Pls.' Compl. Ex. L at ¶5, ECF No. 14**). A true and exact copy of the *"Request to Bind Coverages & Services"*, dated October 8, 2012, is attached hereto under **Exhibit A as Pls.' Compl. Ex. L, ECF No. 14.**

45.     Written notice of the filing of this Notice of Removal will be given to all adverse parties and a copy will be filed with the Civil Clerk of the Supreme Court of the State of New York, New York County, in accordance with the provisions of 28 U.S.C. § 1446 (d).

46.     The Removing Defendants respectfully submit that Plaintiffs have fraudulently joined JA Faccibene as a defendant in order to defeat diversity jurisdiction and avoid removal of this action to federal court, and that such non-diverse defendant should be disregarded for purposes of determining jurisdiction as no legitimate claims against them have been asserted. This is an actual controversy between citizens of different States, and the controversy between the parties can be fully determined in this action.

47.     Thus, as 28 U.S.C. § 1332 (a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

WHEREFORE, the Defendants, APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., APPLIED UNDERWRITERS, INC., CALIFORNIA INSURANCE

- 14 -

COMPANY, ARS INSURANCE AGENCY, APPLIED RISK SERVICES, INC., and CONTINENTAL

INDEMNITY COMPANY, respectfully pray that this Notice of Removal be filed; that said State

Court Action now pending in the Supreme Court of the State of New York, County of New

York, proceed in the United States District Court for the Southern District of New York as an

action properly removed thereto, together with such other and further relief as this Court may

deem just, proper and equitable.

Dated: September 8, 2015                                    Respectfully submitted,

                                                WILSON, ELSER, MOSKOWITZ, EDELMAN
                                                      & DICKER LLP


                                        By: _____
                                                Stuart A. Miller (SM9466)
                                                Claire M. Hankin (CH2522)
                                                *Attorneys for Defendants,*
                                                APPLIED UNDERWRITERS CAPTIVE RISK
                                                ASSURANCE COMPANY, INC., APPLIED
                                                UNDERWRITERS, INC., CALIFORNIA
                                                INSURANCE COMPANY, ARS INSURANCE
                                                AGENCY, APPLIED RISK SERVICES INC., AND
                                                CONTINENTAL INDEMNITY COMPANY
                                                1133 Westchester Avenue
                                                White Plains, New York 10604
                                                (914) 323-7000
                                                File No.: 12548.00040


TO:     Kevin Page, Esq.
        O'CONNOR REDD LLP
        *Attorneys for Plaintiffs*
        P.O. Box 1000
        242 King Street
        Port Chester, NY 10573
        (914) 686-1700

        Joseph Faccibene
        *Defendant*
        J.A. FACCIBENE & ASSOCIATES, INC.
        100 Merrick Road, Suite 526W

                                        - 15 -

5670539v.4

Rockville Centre, NY 11570
(516) 766-3513

## CERTIFICATE OF SERVICE

I, Stuart A. Miller, hereby certify that on behalf of the Removing Defendants, I caused a copy of Defendants Applied Underwriters Captive Risk Assurance Company, Inc., Applied Underwriters, Inc., ARS Insurance Agency, and Applied Risk Services, Inc.'s Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 to be delivered via first class mail on this date to:

Kevin Page, Esq.
O'CONNOR REDD LLP
*Attorneys for Plaintiffs*
P.O. Box 1000
242 King Street
Port Chester, NY 10573
(914) 686-1700

Joseph Faccibene
*Defendant*
J.A. FACCIBENE & ASSOCIATES, INC.
100 Merrick Road, Suite 526W
Rockville Centre, NY 11570
(516) 766-3513

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   September 8, 2015

Stuart A. Miller
Claire M. Hankin
*Attorneys for Defendants*

- 17 -

5670539v.4